NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUSTIN E. DESHONG,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN[*], Acting
Commissioner of Social Security,

        Defendant - Appellee.

No. 23-2727

D.C. No.
3:23-cv-05025-GJL

MEMORANDUM[**]

Appeal from the United States District Court
for the Western District of Washington
Grady J. Leupold, Magistrate Judge, Presiding

Submitted December 2, 2024[***]
Portland, Oregon

Before: TASHIMA, NGUYEN, and SUNG, Circuit Judges.

---

[*]      Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Justin E. Deshong appeals from a district court order affirming the Commissioner of Social Security's denial of his applications for supplemental security income and disability insurance benefits for a closed period from October 28, 2013, through March 31, 2021. We review the district court order de novo and will set aside the decision of the administrative law judge ("ALJ") only if it "contains legal error or is not supported by substantial evidence." *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Deshong first argues the ALJ erred in evaluating the medical opinions of Dr. Peter Weiss, Dr. Brent Packer, Dr. Terilee Wingate, and Dr. Mark Manoso. The governing regulations, 20 C.F.R. § 416.920c(a)–(b), required the ALJ to assess the persuasiveness of each medical opinion and explain how he evaluated its consistency and supportability. The ALJ did so.

The ALJ reasonably discounted parts of Dr. Weiss's psychological evaluations, which noted several marked limitations in basic work activities. First, substantial evidence supports the ALJ's finding of inconsistency between Deshong's reported activity level to Dr. Weiss in 2017 and that in the function report three months later. Second, the ALJ reasonably found a lack of explanation for Dr. Weiss's unchanged assessments despite a higher reported activity level in

2                                                          23-2727

2019. *See id.* at 1155 (citing 20 C.F.R. § 404.1520c(c)(3)) ("An ALJ . . . may take into account the quality of the explanation when determining how much weight to give a medical opinion."). Third, the ALJ reasonably found Dr. Weiss's evaluations inconsistent with treating providers' reports recording well-managed depression symptoms. To the extent these reports ambiguously also contained descriptions of severe psychiatric symptoms, it is the ALJ who is responsible for "resolving ambiguities" in the record. *Id.* at 1149 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The ALJ reasonably discounted parts of Dr. Packer's opinion. First, the ALJ permissibly discredited Dr. Packer's adoption of Dr. Weiss's unpersuasive mental evaluations. Second, the ALJ's uncontested finding that Deshong's gout condition was nonsevere reasonably cast doubt on Dr. Packer's assessment of moderately severe gout. Third, the ALJ reasonably concluded that Dr. Packer's brief explanation contains limited objective evidence from the available record. Fourth, the ALJ reasonably concluded that Dr. Packer failed to explain how the cited impairments led to three marked ratings of physical limitations and inability to perform certain light work duties. *See id.* at 1155 ("[T]he ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012))). Finally, while Deshong's reported daily activity did not necessarily contradict Dr.

Packer's assessments, the ALJ's interpretation is not unreasonable. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005))).

The ALJ reasonably discounted parts of Dr. Wingate's psychological evaluation. Substantial evidence supports the conclusion that Dr. Wingate's assessments of one marked limitation and overall marked severity were not supported by normal mental status observations.

Finally, substantial evidence supports the ALJ's consistency and supportability findings with regard to Dr. Manoso's opinion. Deshong's argument that Dr. Manoso was not tasked with evaluating overall functionality or that he could not access all medical evidence fails: it is the ALJ, not the doctor, who is ultimately responsible for "studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017).[1]

2. Deshong next argues the ALJ erred in partially discounting his subjective symptom testimony. The ALJ was required to provide "specific, clear and convincing reasons" for rejecting Deshong's testimony about the intensity, persistence and limiting effects of his symptoms. *Smith v. Kijakazi*, 14 F.4th 1108,

---

[1] Because Deshong fails to argue "with any specificity" how the ALJ erred in assessing other administrative medical findings, he has forfeited this challenge. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

1112 (9th Cir. 2021) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)).

Deshong does not challenge two reasons the ALJ gave for discounting his testimony: Deshong's impairments were all treated conservatively, and his testimony about regular cane use for back pain conflicted with long-spanning evidence recording otherwise. Although the third reason—that his daily activity indicated better physical and cognitive abilities than claimed limitations—is less convincing, it is not an unreasonable interpretation of the testimony. We thus may not "second-guess" it. *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (quoting *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001)).

3. Because Deshong does not otherwise challenge the residual functional capacity analysis, step-five determination, or overall conclusion of non-disability, we affirm.

**AFFIRMED.**